COURTESY COPY

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10006
(212) 885-5149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORIENT OVERSEAS CONTAINER LINE LIMITED,

Plaintiff,

v.

OCTRIX HOLDINGS (S) PTE LTD.,

Defendant.

07 Civ. *6918 (DC)*

**VERIFIED COMPLAINT**

---

Plaintiff ORIENT OVERSEAS CONTAINER LINE LIMITED ("OOCL") by its attorneys Blank Rome, LLP, complaining of the above-named Defendant OCTRIX HOLDINGS (S) PTE LTD. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction.

2. At all material times, Plaintiff, ORIENT OVERSEAS CONTAINER LINE LIMITED, was and now is a foreign company organized and existing under the laws of Hong Kong.

668671.00601/6564788v.1

3.    At all material times, defendant OCTRIX HOLDINGS (S) PTE LTD. was and now is a corporation organized and existing under the laws of Singapore and/or the Philippines.

## THE BASIC FACTS

4.    The facts relating to this admiralty action are set forth in OOCL's "Writ of Summons In The High Court of the Republic of Singapore" dated November 10, 2005 (the "Singapore Writ."). A copy is attached as Exhibit 1 to the accompanying Rule B affidavit.

5.    The Singapore Writ sets out OOCL's case in that Court for a claim arising for shipments of containers on ships owned or chartered by OOCL, from the Philippines to India. Ex. 1, p. 3, ¶ 2.

6.    Defendant contracted with OOCL, pursuant to the bookings, to ship containers said to contain "Light Melting Scrap Bundles" from the Philippines to ports in India on ships owned or chartered by OOCL.

7.    The containers at issue were loaded and sealed by Defendant prior to being delivered to OOCL for sea carriage.

8.    OOCL issued bills of lading, as identified and particularized in "Annex A" to the Singapore Writ.

9.    Upon arrival at destination the containers shipped by the defendant pursuant to bills of lading issued by OOCL were inspected by Indian Customs authorities. Id., p. 6, ¶ 5. Defendant had declared to OOCL that the contents of the containers were

"light melting scrap bundles." Instead the Indian Customs Authorities found "material of little or no value such as sand and mud and/or old discarded tyres."

10.    The consignees refused to take delivery of the containers' contents causing OOCL to incur demurrage and storage charges as set out in detail in the Singapore Writ.

11.    Despite repeated request OCTRIX HOLDINGS (S) PTE LTD. has refused to pay OOCL its damages.

12.    This action is expressly filed without prejudice to the Writ.

## COUNT I

## RULE B RELIEF

13.    Plaintiff repeats paragraphs 1 through 12 as if fully set forth herein.

14.    Plaintiff seeks issuance of process of maritime attachment under Supplemental Rule B so that it may obtain security for its claims including its attorneys' fees and costs which are routinely awarded in Singapore and no security for Plaintiff's claim has been posted by OCTRIX HOLDINGS (S) PTE LTD. or anyone acting on its behalf to date.

15.    At best as can now be estimated, Plaintiff expects to recover the following amounts in Singaporean dollars:

| | | |
|---|---|---|
| A. | On the principal claims | S$529,044 |
| B. | Estimated Recoverable Lawyers and Fees & "Costs" | S$350,000 |
| C. | Interest over the course of 3 years at 5.33% p.a. on the principal claim: | S$ 84,594 |

**TOTAL:**    S$963,594
U.S. $634,099[1]

16.    Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against OCTRIX HOLDINGS (S) PTE LTD., citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That since OCTRIX HOLDINGS (S) PTE LTD. cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of OCTRIX HOLDINGS (S) PTE LTD.'s tangible or intangible property or any other funds held by any garnishee, which are due and owing to OCTRIX HOLDINGS (S) PTE LTD. up to the amount of $634,099 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

---

[1] 1 USD = 1.51963 SGD.

D.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
        August 1, 2007

                                        Respectfully submitted,
                                        BLANK ROME, LLP
                                        Attorneys for Plaintiff

                                        By
                                           Jeremy J.O. Harwood (JH 9012)
                                           405 Lexington Avenue
                                           New York, NY 10174
                                           Tel.:  (212) 885-5000

## **VERIFICATION**

STATE OF NEW YORK    )
                         : ss.:
COUNTY OF NEW YORK  )

      Jeremy J.O. Harwood, being duly sworn, deposes and says:

      1.     I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Plaintiff.

      2.     I have read the foregoing Complaint and I believe the contents thereof are true.

      3.     The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

      4.     The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
Jeremy J.O. Harwood

Sworn to before me this
1st day of August, 2007

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORIENT OVERSEAS CONTAINER LINE LIMITED,

        Plaintiff,

    v.

OCTRIX HOLDINGS (S) PTE LTD.,

        Defendant.

07 Civ. *6918 (DC)*

**AFFIDAVIT UNDER
<u>SUPPLEMENTAL RULE B</u>**

---

STATE OF NEW YORK    )
                      : ss.:
COUNTY OF NEW YORK  )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant OCTRIX HOLDINGS (S) PTE LTD., a company organized and existing under the laws of Singapore and/or the Philippines, pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.    The defendant is not incorporated or registered to do business in this State.

3.    Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2006 edition), telephone assistance in New York City, and the internet Yellow Pages.

4.    In our search, we did not find any listing or reference to defendant in this district or state.

5.    In the circumstances, I believe the defendant cannot be "found" within this district.

6.    I attach as Exhibit 1 hereto a copy of the Singapore Writ.

_Jeremy J.O. Harwood_
Jeremy J.O. Harwood

Sworn to before me this
1st day of August, 2007

Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20___

2

# EXHIBIT 1

Case No.          : S812/2005/B
Date of Filing    : 10/11/2005
Time of Filing    : 16:01:46
Doc Control No.   : 1189479/C

IN THE HIGH COURT OF THE REPUBLIC OF
SINGAPORE

Between

1.    ORIENT OVERSEAS CONTAINER LINE
      LIMITED
      (Hong Kong) RC No. 42241

2.    OOCL (PHILIPPINES) INC
      (Philippines) RC No. ASO91-190118

3.    OOCL (SINGAPORE) PTE LTD
      RC No. 197801878K

                                ...Plaintiff(s)

And

1.    SKM METALS PTE LTD
      RC No. 200003721E

2.    OCTRIX HOLDINGS (S) PTE LTD
      RC No. 200310218R

3.    SWASTIK INTERTRADE PTE LTD
      RC No. 199900831C

                                ...Defendant(s)



_____
(Assistant Registrar/ Registrar's Name)
(Assistant Registrar/Registrar)
Supreme Court
Singapore

**WRIT OF SUMMONS**

On 11/11/05 @ 3.30pm, 4.50pm & 3.35pm
did serve this writ of Summons on
4. 1st, 2nd & 3rd Defendants by
leaving respectively at 3, Shenton Way
#19-03, Shenton Hse (068805) at 116,
Lavender St #04-03, Pek Chuan Bldg (338729)
& 138, Cecil St #14-04, Cecil Court (069538).
All addresses being the 1st, 2nd &
3rd Defendants Registered office respectively,

LEONG KAH WAH
RAJAH & TANN
4 BATTERY ROAD
#26-01
BANK OF CHINA BUILDING
SINGAPORE 049908
TEL:65353600
FAX:67208660
Ref: LKW/195087/20

Filed this 10th day of November 2005

ABD. RAHIM JAMIL
NRIC 1611046-I

C-1

# WRIT OF SUMMONS

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Suit No. 812   of 2005/ B   )

Between

| | | |
|---|---|---|
| (1) | **ORIENT OVERSEAS CONTAINER LINE LIMITED** | |
| | (Foreign Registration No. 42241) | |
| (2) | **OOCL (PHILIPPINES) INC** | |
| | (Foreign Registration No. ASO91-190118) | |
| (3) | **OOCL (SINGAPORE) PTE LTD** | |
| | (Registration No. 197801878/K) | |

...Plaintiffs

And

| | | |
|---|---|---|
| (1) | **SKM METALS PTE LTD** | |
| | (Registration No. 200003721/E) | |
| (2) | **OCTRIX HOLDINGS (S) PTE LTD** | |
| | (Registration No. 200310218/R) | |
| (3) | **SWASTIK INTERTRADE PTE LTD** | |
| | (Registration No. 199900831/C) | |

...Defendants

To:   1st **Defendants, SKM METALS PTE LTD,** a company incorporated in Singapore and having its registered office at 3 Shenton Way #19-03 Shenton House, Singapore 068805.

2nd **Defendants, OCTRIX HOLDINGS (S) PTE LTD,** a company incorporated in Singapore and having its registered office at 116 Lavender Street #04-03 Pek Chuan Building, Singapore 338730.

3rd **Defendants, SWASTIK INTERTRADE PTE LTD,** a company incorporated in Singapore and having its registered office at 138 Cecil Street #14-04 Cecil Court, Singapore 069538.

**THIS WRIT OF SUMMONS** has been issued against you by the abovenamed Plaintiffs in respect of the claim indorsed herein. Within eight (8) days after the service of this Writ on you, you must either satisfy the claim or

2

cause an appearance to be entered for you using the electronic filing service and in default of your so doing the Plaintiffs may proceed with the action and judgment may be entered against you without further notice.

Dated the 10th day of November 2005

......................................              ......................................
**M/S RAJAH & TANN**                              ~~ASSISTANT~~ REGISTRAR
Solicitors for the Plaintiffs                     Supreme Court, Singapore

This Writ may not be served more than six (6) calendar months, after the above date unless renewed by Order of the Court. The Defendants may enter an appearance(s) either personally or by a solicitor at the Registry of the Supreme Court.

# STATEMENT OF CLAIM

1.    The 1st Plaintiff carry on business as Carriers. The 2nd and 3rd Plaintiffs are representatives and/or agents of the 1st Plaintiff in Philippines and Singapore, respectively. The 1st, 2nd and 3rd Defendants (hereinafter collectively referred to as "the Defendants") were, at all material times the shippers of a total of 98 containers carried by the 1st Plaintiffs.

2.    In or about February and March 2005, pursuant to bookings made by the Defendants and/or their agents with the 1st Plaintiff through the 2nd Plaintiff, the Defendants shipped a total of ninety-eight (98) 20' containers said to contain Light Melting Scrap Bundles (hereinafter collectively referred to as "the Containers") on board vessels owned, chartered and/or operated by the 1st Plaintiff for carriage by the 1st Plaintiff from Manila Port, Philippines to Chennai, India and/or Nhava Sheva, India.

3.    The Containers were shipped under and/or pursuant to the terms of 4 Bills of Lading issued by the 2nd Plaintiff as agents for the 1st Plaintiff and 7 Bills of Lading issued by the 3rd Plaintiff as agents for the 1st Plaintiff. Details of the 11 Bills of Lading (hereinafter referred to as "the Bills of

Lading") naming the respective Defendants as the Shippers have been set out and annexed hereto at **ANNEX A.**

4.    The terms of the Bills of Lading expressly provide:-

"**FCL/FCL**
...
**PARTICULARS DECLARED BY SHIPPER BUT NOT ACKNOWLEDGED BY CARRIER**
...

**2) DEFINITIONS**
**Without limitation of any definition in any applicable law herein mentioned: ..."MERCHANT" includes the Shipper, consignor, endorsee, transferee, Holder of this document, consignee, receiver of the Goods, any person or entity owning or entitled to the possession of the Goods or of this Bill of Lading and anyone acting on behalf of any such persons;**
...
**6)    MERCHANT'S    RESPONSIBILITY    AND INDEMNIFICATION**
**1. All of the persons coming within the definition of Merchant shall be jointly and severally liable to the Carrier for the due fulfilment of all obligations undertaken by the Merchant in this Bill of Lading and remain so liable throughout the transportation notwithstanding their having transferred this Bill of Lading and/or title to the Goods to another party.**
**2. The Shipper further warrants to the Carrier that the particulars relating to the Goods as set out on the face of this Bill of Lading have been checked by the Shipper on receipt of this Bill of Lading and that such particulars and any other particulars furnished by or on behalf of the Shipper are adequate, accurate and correct.**
**3. The Shipper shall indemnify the Carrier against all loss, damage and expenses arising or resulting from inaccuracies in or inadequacy of such particulars. The right of the Carrier to such indemnity shall in no way limit its responsibility and liability under this Bill of Lading to any person other than the Shipper.**
...
**5. The Merchant agrees to indemnify and hold harmless the Carrier against all and any claims, loss, damage, fines or expense**

arising or resulting from any breach of any warranty or other obligation of the Merchant under the terms of this Bill of Lading or applicable law (including but not limited to those Carrier may incur or liability to any person which the Carrier may suffer due to personal injury or loss of or damage to any property). Such indemnity shall include costs, including attorney fees, to defend any action brought by third parties or to prosecute any claim against the Merchant arising from the Merchant's obligation(s) under this Bill of Lading.

...

**13) NOTIFICATION AND DELIVERY**

**1. Except as provided by tariff, any mention herein of notify parties is solely for the Carrier's information, and failure to give notification shall not render the Carrier liable nor relieve the Merchant of any obligation to the Carrier.**

**2. The Merchant shall take delivery of the Goods within the time provided for in the Carrier's applicable tariff.**

**3. If the Merchant fails to take delivery of the Goods or part of them upon expiration of the tariff's prescribed free time, the Goods shall be deemed to have been delivered to the Merchant and the Carrier may with or without notice, but subject to its lien, unpack the Goods if packed in Container and/or store or warehouse the Goods or any part thereof ashore, afloat, in the open or under cover at the sole risk and expense of the Merchant. Thereupon, the liability of the Carrier in respect of the Goods shall cease wholly and the costs of such storage (if paid or payable by the Carrier or any agent or sub-contractor of the Carrier) shall forthwith upon demand be paid by the Merchant to the Carrier."**

The Plaintiffs shall refer to the terms of the Bills of Lading for their full terms, purport and effect at the Trial of the proceedings herein.

5.      Pursuant to the terms of the Bills of Lading, the Containers were carried by the 1st Plaintiff from Manila Port, Philippines to Chennai, India and/or Nhava Sheva, India. On arrival at Chennai, India and/or Nhava Sheva,

India, the Containers were opened and inspected by the Customs Authorities. In breach of Clause 6 of the terms of the Bills of Lading, the particulars of the contents of the Containers provided by the Defendants were inaccurate and it was discovered that the Containers did not contain Light Melting Scrap Bundles but contained material of little or no value such as sand and mud and/or old discarded tyres.

6.    In view of the discrepancy between the description of the contents of the Containers on the Bills of Lading and contents of the Containers, the consignees of the Containers failed and/or refused and/or neglected to accept and/or collect the Containers at Chennai, India and/or Nhava Sheva, India and the Containers have been detained by the authorities in Chennai, India and/or Nhava Sheva, India. Todate, the Containers have not been accepted and/or collected by the consignees and/or continue to be detained by the authorities in Chennai, India and/or Nhava Sheva, India. Further, the authorities in Chennai, India and/or Nhava Sheva, India have indicated that they may impose a fine on the 1st Plaintiff as a result of the said discrepancy.

7.    Pursuant to Clause 6(3) of the terms of the Bills of Lading, the Plaintiffs are entitled to be indemnified against all loss, damage and expenses arising or resulting from inaccuracies in or inadequacy of the particulars provided by the Defendants. In particular, the Plaintiffs are entitled to be

indemnified by the 1st Defendants in relation to the 28 containers shipped by the 1st Defendants, by the 2nd Defendants in relation to the 60 containers shipped by the 2nd Defendants and by the 3rd Defendants in relation to the 10 containers shipped by the 3rd Defendants as set out in **ANNEX A.**

8.      Further, as a result of the failure of the consignees to accept and/or collect the Containers and/or the detention of the Containers by the authorities in Chennai, India, the Plaintiffs have incurred demurrage and storage charges. Further, with respect to the containers shipped by the 3rd Defendants which were discharged at Nhava Sheva, India, the Plaintiffs have incurred charges for the inland haulage of the containers to New Delhi.

9.      Pursuant to Clause 13(3) of the Bills of Lading, the Defendants are responsible and/or liable for the demurrage and storage charges and the inland haulage charges which have accrued and are continuing to accrue. Details of the storage charges and demurrage and inland haulage charges which have accrued as of 30 August 2005 and which are owing from the Defendants to the Plaintiffs are set out at **ANNEX A.**

10.     In breach of the terms of the Bills of Lading, the Defendants have failed and/or refused and/or neglected to pay the Plaintiffs the sums due in

respect of the demurrage and storage charges and/or the inland haulage charges which have been incurred in respect of the Containers.

And the Plaintiffs claim:

a.  The sum of S$250,799.32 from the 1st Defendants, alternatively, damages.

b.  The sum of S$529,046.51 from the 2nd Defendants, alternatively, damages.

c.  The sum of S$142,798.86 from the 3rd Defendants, alternatively, damages.

d.  An order that the Defendants, their servants and/or agents, take delivery of the Containers and/or take all steps necessary to procure the return to the Plaintiffs of the Containers detained by the authorities in Chennai, India and Nhava Sheva, India.

e.  Pursuant to paragraphs 6 to 10 herein, an indemnity from the Defendants for all and any claims, loss, damage, fines or expense arising or resulting from the Defendants' breaches of the terms of the Bills of Lading, namely, the inaccuracies in or inadequacy of the particulars provided by them and their refusal and/or failure to collect and/or take delivery of the 28 containers, 60 containers and 10 containers shipped by the 1st, 2nd and 3rd Defendants respectively.

f.      Interest.

g.      Costs.

Dated this  10th day of November 2005

**SOLICITORS FOR THE PLAINTFFS**
**M/S RAJAH & TANN**

**ANNEX A**

## Shipper : 1st Defendants, SKM METALS PTE LTD

| S/No. | B/L No. | B/L Date | Cargo | Container Nos. | Charges |
|-------|---------|----------|-------|----------------|---------|
| 1. | OOLU40295631 | 13.02.2005 | 11 x 20' containers Light Melting Bundle Scrap | CLHU3310716, GATU0536456, TTNU2791892, GATU1115596, ITLU6775401, CLHU3265197, TRLU2377670, OOLU3679989, OOLU3702672, TTNU2594580, TTNU2234623 | Detention (as at 30.09.2005) = INR1,686,871 Storage (as at 15.10.2005) = INR766,235 |
| 2. | OOLU46026760 | 13.02.2005 | 5 x 20' containers Light Melting Bundle Scrap | PRSU2154832, CLHU2649536, GLDU3086478, OOLU3021278, TTNU2233587 | Detention (as at 30.09.2005) = INR766,760 Storage (as at 15.10.2005) = INR350,219 |

10

| S/No. | B/L No. | B/L Date | Cargo | Container Nos. | Charges |
|---|---|---|---|---|---|
| 3. | OOLU46213270 | 27.02.2005 | 12 x 20' containers 340.120 MTs Light Melting Scrap Consisting of Press Bundles | SCZU7349378, OOLU3707890, GSTU3807347, TTNU2792820, CLHU2863825, CAXU2871648, OOLU3784789, TEXU3964099, CRXU2509079, TEXU2461269, OOLU3675983, CAXU2998972 | Detention (as at 30.09.2005) = INR1,819,252 Storage (as at 06.10.2005) = INR1,297,936 |

TOTAL due from 1st Defendants = INR6,687,273 =S$250,799.32

(NB : as at 20/10/2005 INR 1 = S$ 0.0374919)

11

## ANNEX A

## Shipper : 2nd Defendants, OCTRIX HOLDINGS (S) PTE LTD

| S/No. | B/L No. | B/L Date | Cargo | Container Nos. | Charges |
|---|---|---|---|---|---|
| 4. | OOLU40297990 | 13.02.2005 | 8 x 20' containers Light Melting Scrap consisting of pressed bundles of Philippines origin | OOLU3767457, OOLU3633930, OOLU3719490, TTNU2079980, OOLU3000104, PRSU2013876, TEXU2543618, OOLU3646687 | Detention (as at 30.09.2005) = INR1,219,825<br><br>Storage (as at 06.10.2005) = INR889,534 |
| 5. | OOLU46212040 | 20.02.2005 | 12 x 20' containers said to contain Light Melting Scrap consisting of pressed bundles of Philippines origin | OOLU3746069, OOLU3694807, GATU0316580, OOLU3279940, OOLU3667329, GATU0751910, OOLU3642090, OOLU3755651, OOLU3761443, OOLU3676064, GSTU2288036, OOLU3660197 | Detention (as at 30.09.2005) = INR1,878,719<br><br>Storage (as at 06.10.2005) = INR1,334,302 |

12

## ANNEX A

### Shipper : 3rd Defendants, SWASTIK INTERTRADE PTE LTD

| S.No. | B/L No. | B/L Date | Cargo | Container Nos. | Charges (as at 30/08/2005) | |
|---|---|---|---|---|---|---|
| 10. | OOLU46219670 | 28.02.2005 | 5 x 20' containers Light Melting Scrap | TRIU3751559, TEXU3960339, CAXU6139949, SCZU7162860, TEXU3853074 | Detention INR1,448,363 Storage INR409,945 Inland Haulage INR145,000 | = = = |
| 11. | OOLU46221480 | 07.03.2005 | 5 x 20' containers Light Melting Scrap | OOLU3789517, TEXU3750707, TRLU3301181, TRLU3453517, GATU1184560 | Detention INR1,272,766 Storage INR390,218 Inland Haulage INR142,500 | = = = |
| | | | | TOTAL due from 3rd Defendants (NB : as at 20/10/2005 INR 1 = S$ 0.0374919) | = INR3,808,792 = S$142,798.86 | |

15

Note:   If the Defendants enter an appearance, then, they must also serve a Defence on the Solicitors for the Plaintiffs within fourteen (14) days after the last day of the time limited for entering an appearance, otherwise judgment may be entered against him without further notice.

This Writ was issued by Rajah & Tann of 4 Battery Road, #15-01, Bank of China Building, Singapore 049908, Solicitors for the Plaintiffs whose addresses are:

(1)    33rd Floor, Harbour Centre, 25 Harbour Road, Wanchai, Hong Kong.

(2)    5/F Dy International Building, 1650 San Marcelino Corner gen. Malvar Sts., Malate, Manila 1004, Philippines.

(3)    24 Raffles Place #15-00 Clifford Centre, Singapore 048621.

## INDORSEMENT AS TO SERVICE

This Writ was served by

at

on                      , the        day of            , 2005.

Indorsed this        day of            , 2005.

**Process Server**